IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| ISWARI SHARMA, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | CIVIL ACTION NO.  4:20-cv-01503 |
| | § | |
| CENTERPOINT ENERGY, INC. & EXPERIS | § | |
| US, INC., | § | |
| | § | |
| Defendants. | § | |

## PLAINTIFF'S ORIGINAL COMPLAINT

Plaintiff Iswari "Shannon" Sharma ("Plaintiff") files this Original Complaint against CenterPoint Energy, Inc. ("CenterPoint") and Experis US, Inc. ("Experis") (collectively, "Defendants").

## SUMMARY

1.      Defendants were legal joint employers of Plaintiff.

2.      Plaintiff was discriminated against on the basis of her gender when she was terminated from her role with CenterPoint after informing Defendants of her pregnancy.

3.      CenterPoint's articulated reason for Plaintiff's termination is pretextual.

4.      Experis knew or should have known about the illegality of this employment action.

5.      Plaintiff was terminated in violation of Title VII of the Civil Rights Act of 1964.

## THE PARTIES AND JURISDICTION

6.      Plaintiff is a natural person residing within the confines of the Southern District of Texas, Houston Division.  Plaintiff has standing to file this lawsuit.

7.      Defendant CenterPoint Energy, Inc. is a Texas corporation conducting business in the Southern District of Texas.

8.      Defendant CenterPoint may be served with this Complaint through their registered agent, C T Corporation System, at 1999 Bryan St., Suite 900, Dallas, TX 75201.

9.      Defendant Experis US, Inc. is a Wisconsin corporation that conducts business in the Southern District of Texas.

10.     Defendant Experis may be served with this Complaint through their registered agent, C T Corporation System, at 1999 Bryan St., Suite 900, Dallas, TX 75201.

11.     The Court has subject matter jurisdiction over this case based on federal question jurisdiction under Title VII of the Civil Rights Act.

12.     Venue is appropriate in the Southern District of Texas, Houston Division, because a substantial part of the events giving rise to the claims in this lawsuit occurred in this judicial district.

## FACTUAL BACKGROUND

13.     Plaintiff began working for Defendants Experis and CenterPoint at CenterPoint's ECDC location in May 2019.

14.     Plaintiff's job title was IT Software Asset Manager and she reported to Sophia Gomez ("Ms. Gomez") and Delores Mobley ("Ms. Mobley").

15.     On Friday, June 14, 2019, Plaintiff first contacted her supervisor, Ms. Gomez, about having a one-on-one meeting.  Ms. Gomez told Plaintiff to look at her calendar for openings during the following week.  Plaintiff found an opening in Ms. Gomez's calendar and scheduled a meeting with her on Friday, June 21, 2019 at around 9:30 AM.  The meeting was labeled as "Update" or "Progress Update" or words to that effect.

16.     Plaintiff's objectives for the meeting were twofold: (1) to get feedback on how she was doing in her role, as she had now been there a full month; and (2) to inform Ms. Gomez of her

pregnancy as a courtesy so that CenterPoint would be aware of the reasons for any future doctors' appointments.

17.  At this time, Plaintiff had already informed Experis about her pregnancy.

18.  On Friday June, 21, 2019, Plaintiff met with Ms. Gomez in a conference room at the scheduled time.  Plaintiff began the meeting by asking Ms. Gomez for her thoughts on how Plaintiff was performing in the role thus far and for any feedback.

19.  Ms. Gomez responded with uniformly positive comments such as, "I'm happy with what you've done so far," and by informing Plaintiff that she had been helpful in assisting a coworker and lightening her load.

20.  Ms. Gomez further informed Plaintiff that there would be more work coming her way and therefore she should start documenting her tasks.

21.  After a positive discussion surrounding her progress, Plaintiff informed Ms. Gomez that she was pregnant so that CenterPoint should be aware of the possibility of upcoming doctors' appointments.  The meeting concluded on a positive note.

22.  Ms. Gomez then followed Plaintiff to her cubicle in order to visit another manager's office, Deloris Mobley ("Ms. Mobley"), which was located behind where Plaintiff sat.  Ms. Gomez went into Ms. Mobley's office and closed the door.

23.  Approximately fifteen minutes later, Ms. Gomez emerged from Ms. Mobley's office and went straight to Plaintiff's cubicle.  She asked Plaintiff to accompany her to the same conference room in which they had met earlier.

24.  After closing the door to the conference room, Ms. Gomez told Plaintiff that she was being let go because of budget cuts.

25.  Plaintiff was stunned to hear this because it was a 180-degree turn from the conversation that had occurred just more than fifteen minutes prior.

26.     Ms. Gomez told Plaintiff that she should turn in her time sheet immediately for the week and leave her badge and laptop in her cubicle once she was done.  Plaintiff complied with these requests and left the premises afterwards.

27.     On her way home, Plaintiff called Celeste Velasquez, her Experis contact, and left her a voicemail informing her of the news.

28.     At no point prior to being let go was Plaintiff aware of the need to terminate her employment because of budget considerations or of any performance issues.

29.     When Experis was notified that Plaintiff was being released from the CenterPoint role, Experis knew that Plaintiff was pregnant.  However, Experis did not do anything to stop this employment action.

30.     Plaintiff's termination was discriminatory pursuant to Title VII of the Civil Rights Act of 1964.

## TITLE VII CLAIM OF SEX DISCRIMINATION

31.     Plaintiff incorporates the preceding paragraphs of this Complaint as if set forth verbatim.

32.     Title VII of the Civil Rights Act of 1964 prohibits discrimination "against any individual with respect to [her] compensation, terms, conditions, or privileges of employment, because of such individual's race, color, religion, sex, or national origin."  42 U.S.C. § 2000e-2(a).

33.     In 1978, the Pregnancy Discrimination Act amended Title VII to include discrimination on the basis of pregnancy, childbirth, or related medical conditions within the composition of unlawful sex discrimination.

34.     Defendants are joint employers of Plaintiff under the "hybrid economic realities/common law control test."  *See Deal v. State Farm Cnty. Mut. Ins. Co. of Texas*, 5 F.3d 117, 118–19 (5th Cir. 1993) (quoting *Fields v. Hallsville Indep. Sch. Dist.*, 906 F.2d 1017, 1019

-4-

(5th Cir. 1990)).  "The right to control an employee's conduct is the most important component of [the control] test," and courts consider "whether the alleged employer has the right to hire and fire the employee, the right to supervise the employee, and the right to set the employee's work schedule."  *Id*. at 119.  On the other hand, the "economic realities component" of this test focuses "on whether the alleged employer paid the employee's salary, withheld taxes, provided benefits, and set the terms and conditions of employment."  *Id.*

35.     Defendant CenterPoint had the authority to control Plaintiff's conduct, supervise Plaintiff, set Plaintiff's work schedule, and release Plaintiff.  CenterPoint is therefore a joint employer under the control component of the "hybrid economic realities/common law control test."  *Id*. *See also Burton v. Freescale Semiconductor, Inc.*, 798 F.3d 222, 227-28 (5th Cir. 2015) (finding staffing company's client was an employer under federal anti-discrimination law).

36.     Defendant Experis meets the economic realities component of the "hybrid economic realities/common law control test" and is thus a joint employer of Plaintiff.  *See Deal*, F.3d at 119.  As a joint employer, Experis is jointly liable for CenterPoint's illegal conduct because it knew or should have known about the illegality of such conduct with respect to Plaintiff.  *See Nicholson v. Securitas Security Services USA, Inc.*, 830 F.3d 186, 189-90 (5th Cir. 2016).

37.     Discrimination can be established through direct or circumstantial evidence. *Laxton v. Gap Inc.*, 333 F.3d 572, 578 (5th Cir. 2003).

38.     Where the plaintiff has not presented direct evidence of discrimination, courts apply the burden-shifting framework in *McDonnell Douglas Corp. v. Green*, 411 U.S. 792 (1973). Under the framework, to establish a *prima facie* case of sex discrimination, a plaintiff must show that: "(1) the plaintiff is a member of a protected group; (2) the plaintiff was qualified for the job that was held; (3) the plaintiff was discharged; and (4) after the employer discharged the plaintiff, the employer filled the position with a person who is not a member of a protected group."  *Black*

*v. Pan Am. Labs., LLC*, 646 F.3d 254, 259 (5th Cir. 2011) (quoting *Valdez v. San Antonio Chamber of Commerce*, 974 F.2d 592, 596 (5th Cir. 1992)).  Alternatively, in the case of disparate treatment, the plaintiff may satisfy the last element by showing that others similarly situated were treated more favorably. *See Okoye v. Univ. of Tex. Hous. Health Sci. Ctr.*, 245 F.3d 507, 512–13 (5th Cir. 2001).

39.     After the plaintiff establishes a *prima facie* case, the burden shifts to the employer to show a legitimate, non-retaliatory reason for the adverse employment action.  *Black*, 646 F.3d at 259; *McCoy v. City of Shreveport*, 492 F.3d 551, 556 (5th Cir. 2007).

40.     The burden then shifts back to the plaintiff to show either: "(1) that the defendant's reason is not true, but is instead a pretext for discrimination (pretext alternative); or (2) that the defendant's reason, while true, is only one of the reasons for its conduct, and another 'motivating factor' is the plaintiff's protected characteristic (mixed-motive[s] alternative)." *Black*, 646 F.3d at 259 (quoting *Rachid v. Jack in the Box, Inc.*, 376 F.3d 305, 312 (5th Cir. 2004)) (alteration in original).

41.     All conditions precedent to this suit have been fulfilled.

42.     Plaintiff makes a *prima facie* case of sex discrimination.  Plaintiff is a member of a protected group in terms of her gender and by virtue of her pregnancy; Plaintiff was qualified for the job that she held; Plaintiff was terminated; and Plaintiff was treated objectively worse when compared to one or more similarly situated male employees.

43.     More to the point, Plaintiff was terminated soon after notifying her employer she was pregnant.

44.     Plaintiffs who prevail in a Title VII discrimination claim are entitled to back pay. The purpose of back pay is to "make whole the injured party by placing that individual in the

position he or she would have been in but for the discrimination." *Sellers v. Delgado Cmty. Coll.*, 839 F.2d 1132, 1136 (5th Cir. 1988).

45.     Prevailing plaintiffs are also entitled to reinstatement as an equitable remedy. *See Julian v. City of Houston, Tex.*, 314 F.3d 721, 729 (5th Cir. 1992). If reinstatement is not feasible, front pay will be awarded in a manner consistent with the remedial purposes of the law. *See Brunnemann v. Terra Int'l Inc.*, 975 F.2d 175, 180 (5th Cir. 1992). Unlike back pay, front pay refers to future lost earnings. *See, e.g.*, *Jackson v. Host Intern., Inc.*, Nos. 09–51137, 10–50026, 2011 WL 2119644, at *8-9 (5th Cir. Feb. 1, 2011) (Fifth Circuit decision affirming front-pay award in a discrimination case); *Mota v. University of Tex. Houston Health Sci. Ctr.*, 261 F.3d 512, 527 (5th Cir. 2001) (same).

46.     Prevailing plaintiffs are entitled to compensatory and punitive damages under Title VII. *See* 42 U.S.C. § 1981A(a)(1).

47.     Prevailing plaintiffs are also entitled to attorneys' fees and costs and Plaintiff seeks to recoup these amounts.

## JURY DEMAND

48.     Plaintiff demands a jury trial.

## DAMAGES AND PRAYER

Plaintiff asks that she be awarded a judgment against Defendant for the following:

a.      Actual damages in the amount of lost back pay, lost benefits, and other economic losses;

b.      Reinstatement or front-pay;

c.      Compensatory damages;

d.      Punitive damages;

e.      Prejudgment and post-judgment interest;

f.      Court costs;

g.      Attorney's fees; and

h.      All other relief to which Plaintiff is justly entitled.


                              Respectfully submitted,


                               /s/ Ahad Khan
                              Ahad Khan
                              Texas Bar No. 24092624
                              S.D. Texas ID No. 2981398
                              712 Main Street, Suite 900
                              Houston, TX 77002
                              (713) 401-3558 – Telephone
                              ak@ahadkhanlaw.com – Email

                              ATTORNEY FOR PLAINTIFF
                              ISWARI SHARMA